**STATE v. WILSON**

[345 N.C. 119 (1996)]

STATE OF NORTH CAROLINA v. SHALAN DAVENSKI WILSON

No. 217A96

(Filed 6 December 1996)

**1. Homicide § 256 (NCI4th)— murder and robbery—no evidence of who fired fatal shots—no charge on acting in concert—evidence of premeditation and deliberation insufficient**

The trial court erred in a prosecution arising from the robbery of a convenience store and the killing of two employees by submitting first-degree murder to the jury based on premeditation and deliberation where the evidence merely raised a suspicion that defendant fired the fatal shots, even though there was evidence that defendant was present, armed, participated in the robbery, and may have been involved in the shooting, and the jury was not instructed on acting in concert with respect to first-degree murder based on premeditation and deliberation. Felony murder is left as the sole basis for the convictions and judgment was arrested on the underlying felony of robbery with a firearm. Defendant's convictions and life sentences for first-degree murder based on the felony murder rule were not affected.

**Am Jur 2d, Homicide §§ 482-535.**

**2. Evidence and Witnesses § 369 (NCI4th)— murder and robbery—prior robbery—admissible to show common plan**

There was no error in a prosecution arising from the robbery of a convenience store and the killing of two employees in the admission of evidence of the robbery of a Hardee's restaurant two days before the robbery of the convenience store. The trial court conducted a *voir dire* of the evidence and found that defendant and an accomplice, Wilson, had been driven to both crime scenes by the same person, Adams, who parked away from both crime scenes while defendant and Wilson approached on foot; both crimes were committed after dark; defendant and Wilson fled both scenes on foot and returned to the car; Adams then drove away from both scenes; defendant used his nine-millimeter weapon in both robberies; and both robberies lasted a short period of time. The court then concluded that the evidence was admissible to show a common plan or design and gave the jury a limiting instruction. The probative value of the evidence of the Hardee's robbery was not substantially outweighed by any danger

of unfair prejudice or other improper consideration. N.C.G.S. § 8C-1, Rule 403; N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence §§ 448-451.**

**Admissibility, in robbery prosecution, of evidence of other robberies. 42 ALR2d 854.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from two judgments imposing sentences of life imprisonment entered by Burroughs, J., at the 3 July 1995 Special Criminal Session of Superior Court, Cleveland County, upon jury verdicts of guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals as to additional judgments was allowed 15 May 1996. Heard in the Supreme Court 16 October 1996.

*Michael F. Easley, Attorney General, by William Dennis Worley, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Constance H. Everhart, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

On 10 January 1994, defendant, Shalan Davenski Wilson, was indicted on two counts of first-degree murder and one count of robbery with a dangerous weapon. Superseding indictments were issued on 12 February 1994, and an additional indictment was issued for conspiracy to commit robbery with a dangerous weapon. In a capital trial, defendant was found guilty on both counts of first-degree murder on the basis of malice, premeditation, and deliberation and under the felony murder rule. Defendant was also found guilty of robbery with a firearm and conspiracy to commit robbery with a firearm. At a capital sentencing proceeding conducted pursuant to N.C.G.S. § 15A-2000, the jury recommended sentences of life imprisonment as to each of the first-degree murder convictions. The trial judge imposed a sentence of fourteen years' imprisonment for the robbery conviction; three years for the conspiracy conviction; and, in accordance with the jury recommendation, two life sentences for the first-degree murder convictions.

Defendant makes two arguments on this appeal. We agree with his first argument which requires that we vacate the judgment entered on defendant's conviction of robbery with a firearm. We

reject defendant's second argument which relates to the introduction of evidence of an armed robbery that occurred two days prior to the date of the offenses for which defendant was convicted.

The State's evidence presented at trial tended to show the following facts and circumstances: On 30 November 1993, Ashley Dye, Cassandra Adams, Chris Wilson, and defendant were riding together in Adams' mother's automobile in Kings Mountain, North Carolina. While stopped at a Hardee's restaurant, Dye told Adams, "I know what Chris and them have been doing and I know a place they can rob that don't have any cameras, don't have a security system." Adams asked Dye if she was talking about Little Dan's Convenience Store, and Dye replied in the affirmative. While defendant, Dye, Adams, and Wilson were driving later, Wilson told Dye that he had overheard her talking. Dye told Wilson that she knew that Little Dan's did not have a security system and that the camera was broken.

On 2 December 1993, after Adams arrived at Wilson's home between 8:45 and 9:00 p.m., they rode together to meet defendant. Adams, Wilson, and defendant then rode around in an unsuccessful search for Dye, passing Little Dan's in the process. There were a number of vehicles outside. They passed Little Dan's a second time and noticed there were no vehicles there. After stopping at a truck stop to buy some gloves, Adams drove by Little Dan's a third time, and there were still no vehicles at the store. Defendant and Wilson exited the automobile and approached the store. Adams drove down the road a short distance and turned around. Coming back toward the store, she saw her companions running toward her. Defendant and Wilson entered the automobile, and Adams observed a shiny revolver in defendant's possession which he did not have before entering the store.

During the late evening hours of 2 December 1993, C. Ervin Lovelace and Hugh Wayne Marcrum were found shot to death at Little Dan's, their place of employment.

Defendant was arrested at about 9:45 a.m. on 3 December 1993. A gun holster was tucked in the front of defendant's pants and a nine-millimeter automatic handgun was found between the mattress and box springs of the bed in which defendant was lying. Officers found the .38-caliber revolver identified as belonging to Danny Goforth, the owner of Little Dan's, in a footlocker in the hallway of defendant's residence.

**STATE v. WILSON**

[345 N.C. 119 (1996)]

The State also presented evidence that on 30 November 1993, Paul Stroupe, the manager of a Hardee's restaurant in Kings Mountain, identified defendant as the person who entered the kitchen of the Hardee's restaurant. Defendant pointed a nine-millimeter weapon at Stroupe's temple, demanded money, and threatened to kill Stroupe. Defendant was accompanied by another black male who was armed with a .38-caliber revolver. The nine-millimeter handgun seized from defendant's bed resembled the gun Stroupe observed in defendant's hand during the Hardee's robbery. Stroupe gave defendant the keys to open the money drawers, and defendant removed the money and fled the restaurant.

Defendant did not present any evidence.

[1] In his first argument on appeal, defendant contends that the judgment imposing a sentence for his conviction of robbery with a firearm must be arrested because the evidence was not sufficient to support the first-degree murder convictions on the basis of malice, premeditation, and deliberation; thus, he cannot be sentenced separately for felony murder and the underlying felony. At the conclusion of the evidence, defendant moved to dismiss the charges of first-degree murder, arguing insufficiency of the evidence. The trial court denied defendant's motion and submitted the issue of defendant's guilt of first-degree murder to the jury on two bases: (1) malice, premeditation, and deliberation; and (2) the felony murder rule.

We begin by noting that the sufficiency of the evidence supporting the conviction of first-degree murder based on the felony murder rule is not seriously challenged by defendant. Having reviewed the transcripts, briefs, and record, we conclude that the evidence was clearly sufficient to support defendant's convictions of first-degree murder under the felony murder rule.

While defendants are convicted of crimes, not theories, *State v. Thomas*, 325 N.C. 583, 593, 386 S.E.2d 555, 561 (1989), we have held that when the sole theory of first-degree murder is the felony murder rule, a defendant cannot be sentenced on the underlying felony in addition to the sentence for first-degree murder, *State v. Small*, 293 N.C. 646, 660, 239 S.E.2d 429, 438-39 (1977). On the other hand, where a defendant's conviction of first-degree murder is based on both the felony murder rule and premeditation and deliberation, the defendant may be sentenced both for the first-degree murder conviction and for the underlying felony. *State v. Lewis*, 321 N.C. 42, 50, 361 S.E.2d 728, 733 (1987). Thus, in the instant case, defendant can only be punished

for both murder and the underlying felony if the convictions of first-degree murder are supported under the trial court's instructions by evidence sufficient to convict defendant of first-degree murder under both theories. We acknowledge that defendant can only be punished once for each of the first-degree murders; however, the theory on which defendant is convicted of those murders determines whether defendant may be sentenced separately for the underlying felony of robbery with a firearm. Therefore, we must consider defendant's contention regarding the premeditation and deliberation theory on which he was also convicted of the first-degree murders.

In the instant case, defendant does not challenge the trial court's felony murder and acting in concert instructions. However, in instructing the jury on premeditation and deliberation, the court explicitly told the jury that acting in concert was only to be considered with respect to the felony murder rule and that acting in concert did not apply to first-degree murder on the basis of premeditation and deliberation. Defendant contends that by instructing the jury in this manner, it became incumbent on the State to prove each element of first-degree murder based on premeditation and deliberation as to him, and that the evidence, when considered in light of the instructions given by the trial court, was insufficient to do so. We agree with defendant's main contention that, in the absence of an instruction on acting in concert, the evidence is insufficient to convict him of first-degree murder on the theory of premeditation and deliberation because the State did not prove each element of premeditated and deliberate murder as to him.

The Due Process Clause of the United States Constitution requires that the sufficiency of the evidence to support a conviction be reviewed with respect to the theory of guilt upon which the jury was instructed. *Presnell v. Georgia*, 439 U.S. 14, 16, 58 L. Ed. 2d 207, 211 (1978). In order to obtain a conviction under the principle of acting in concert, "the State need not prove that the defendant committed any act which constitutes an element of the crime with which he is charged." *State v. Cox*, 303 N.C. 75, 86, 277 S.E.2d 376, 383 (1981). On the other hand, in the absence of an acting in concert instruction, the State must prove that the defendant committed each element of the offense. *See id.* Thus, even where the evidence is sufficient to support a conviction of first-degree murder on a theory of premeditation and deliberation *while acting in concert*, the conviction cannot be upheld absent a jury charge to that effect. *See Presnell*, 439 U.S. at 16, 58 L. Ed. 2d at 211.

**STATE v. WILSON**

[345 N.C. 119 (1996)]

In the instant case, absent an acting in concert instruction, it was necessary for the State to prove each element of first-degree murder on the theory of premeditation and deliberation, including the *actus reus* of firing the fatal shots. Defendant contends that while there is speculation as to his firing the fatal shots, the evidence is not substantial and does not support a reasonable inference that he fired the fatal shots. We agree.

In *State v. Reese*, 319 N.C. 110, 353 S.E.2d 352 (1987), this Court held the evidence insufficient to go to the jury on the issue of premeditated and deliberate murder. In that case, the night manager of a store was attacked and stabbed during the course of an armed robbery of the store by two persons. The defendant, one of the alleged felons, moved to dismiss the charge of first-degree murder on the theory of premeditation and deliberation for insufficient evidence. The evidence before the trial court when it ruled on defendant's motion was defendant's own pretrial statement and the physical evidence of the killing. After reviewing the evidence, this Court concluded:

> While there was circumstantial evidence that might have created a suspicion—even a strong suspicion—that defendant probably participated in the stabbing, there was no direct evidence of defendant's participation in the stabbing; certainly nothing to show that defendant himself stabbed [the victim]. . . . While the State is entitled to rely on circumstantial evidence to show either the *mens rea* or the *actus reus* of the crime, this evidence must be substantial and real, not speculative. An examination of the evidence in the record before us convinces us that there was insufficient evidence from which a reasonable jury could determine beyond a reasonable doubt that defendant participated in the killing.

*Id.* at 139-40, 353 S.E.2d at 369 (citations omitted).

In the instant case, the evidence tends to show that two bullets were recovered from the scene and five bullets were recovered from the victims' bodies. It is clear from the autopsy reports that Marcrum died from a gunshot wound to the chest and that Lovelace died from a gunshot wound to the brain. The evidence also tends to show that four of the bullets could not have been fired from defendant's gun or the gun taken from Little Dan's that was found in defendant's possession when he was arrested. One of the remaining three bullets and its corresponding cartridge were found on the floor of Little Dan's and were shown to have been fired from defendant's gun. Therefore, there

are two unidentified bullets, one of which was a fragment found on the floor of Little Dan's and the other recovered from Mr. Lovelace's brain.

The evidence as to the weapons used in the robbery is as follows: Defendant's nine-millimeter handgun has the capacity to hold a total of nine bullets, eight in the magazine and one in the chamber. When defendant was arrested, his nine-millimeter handgun had eight bullets in the magazine. The revolver belonging to the owner of Little Dan's has the capacity to hold six rounds. It was found in defendant's possession containing five unspent rounds and one spent round. Chris Wilson's .38-caliber revolver, with the capacity to hold six rounds, was never recovered. In addition, the evidence tends to show that the entire encounter at Little Dan's lasted about ten seconds.

Even taken in the light most favorable to the State, while there was evidence that defendant was present, armed, participated in the robbery, and may have been involved in the shooting, this evidence merely raises a suspicion that defendant fired the shots that killed the two victims. "A suspicion, even a strong suspicion, is insufficient to support a guilty verdict." *Reese*, 319 N.C. at 141, 353 S.E.2d at 369. Considering the number of bullets recovered, the location of those bullets, the number of bullets found in the guns recovered from defendant's possession, and the short length of the encounter, a conclusion that defendant himself fired the fatal shots during this robbery could only be based on suspicion and conjecture.

Since the jury was not instructed on acting in concert with respect to first-degree murder based on premeditation and deliberation, verdicts finding defendant guilty on that basis cannot stand. Thus, the trial court erred by submitting first-degree murder to the jury on the basis of premeditation and deliberation. This leaves felony murder as the sole basis for the first-degree murder convictions. Since defendant cannot be punished separately for felony murder and the underlying felony, we must arrest judgment on the underlying felony of robbery with a firearm. *Small*, 293 N.C. at 660, 239 S.E.2d at 438-39. Defendant's convictions and sentences of life imprisonment for first-degree murder based on the felony murder rule are not affected by the arrest of judgment on the underlying felony.

[2] In his second argument, defendant contends that the trial court committed reversible error by allowing the introduction of evidence of a prior armed robbery of a Hardee's restaurant that occurred two

days before the Little Dan's robbery. Defendant contends that this evidence of the earlier robbery was irrelevant and highly prejudicial since it constituted evidence of unrelated misconduct for which defendant was not on trial and which was not a proper matter for the jury's consideration.

Prior to trial, defendant filed a motion *in limine* to exclude all evidence regarding his involvement in the armed robbery of the Hardee's restaurant. After conducting *voir dire*, the court denied defendant's motion, ruling that the Hardee's robbery possessed sufficient similarities to the Little Dan's incident to be admissible as evidence of a plan, scheme, or design to rob Little Dan's. When the evidence was introduced, the trial court gave a limiting instruction.

The North Carolina Rules of Evidence provide that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1993). In *State v. Weathers*, 339 N.C. 441, 451 S.E.2d 266 (1994), this Court stated:

Rule 404(b) is a rule of *"inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." [*State v.*] *Coffey*, 326 N.C. [268,] 278-79, 389 S.E.2d [48,] 54 [(1990)].

*Weathers*, 339 N.C. at 448, 451 S.E.2d at 270.

In the instant case, the trial court conducted *voir dire* on the evidence sought to be introduced and made the following findings: Adams had driven defendant and Wilson to both crime scenes; Adams parked away from both crime scenes while defendant and Wilson approached on foot; both crimes were committed after dark; defendant and Wilson fled both scenes on foot and returned to Adams' car; Adams drove away from both scenes; defendant used his nine-millimeter weapon in both robberies; and both robberies lasted a short period of time. The court then concluded that the evidence was admissible to show a common plan or design and gave the jury a lim-

**STATE v. WILSON**

[345 N.C. 119 (1996)]

iting instruction on the purpose for which the evidence could be considered. We find no error in this ruling by the trial court.

We also reject defendant's contention that the probative value of the evidence of the Hardee's robbery was substantially outweighed by the danger of unfair prejudice under Rule 403. Rule 403 of the North Carolina Rules of Evidence provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

N.C.G.S. § 8C-1, Rule 403 (1992). "Necessarily, evidence which is probative in the State's case will have a prejudicial effect on the defendant; the question is one of degree." *Weathers*, 339 N.C. at 449, 451 S.E.2d at 270. Relevant evidence is properly admissible "*unless* the judge determines that it must be excluded, for instance, because of '*unfair* prejudice.' " *State v. Mercer*, 317 N.C. 87, 94, 343 S.E.2d 885, 889 (1986). " 'Unfair prejudice,' as used in Rule 403, means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one.' " *State v. DeLeonardo*, 315 N.C. 762, 772, 340 S.E.2d 350, 357 (1986) (quoting N.C.G.S. § 8C-1, Rule 403 commentary (Supp. 1985)). "In general, the exclusion of evidence under the balancing test of Rule 403 of the North Carolina Rules of Evidence is within the trial court's sound discretion." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

In the instant case, the trial court conducted *voir dire* on the evidence of the Hardee's robbery, made extensive findings, and concluded that the evidence was relevant to show a common plan or design. The jury was instructed to consider the evidence for the limited purpose of considering whether a common plan or design existed involving the crimes charged. We conclude that the probative value of the evidence of the Hardee's robbery was not substantially outweighed by any danger of unfair prejudice or other improper consideration and that the trial court did not abuse its discretion in admitting this evidence. Therefore, we reject defendant's second argument.

For the reasons stated earlier in this opinion, we arrest judgment on defendant's robbery conviction. Otherwise, defendant received a fair trial, free of prejudicial error. In sum, we hold as follows:

**RICHARDSON v. N.C. DEPT. OF CORRECTION**

[345 N.C. 128 (1996)]

No. 93CRS11197—First-Degree Murder—NO ERROR;

No. 93CRS11198—First-Degree Murder—NO ERROR;

No. 93CRS11744—Robbery with a Firearm—JUDGMENT ARRESTED;

No. 94CRS839—Conspiracy to Commit Robbery with a Firearm— NO ERROR.