STATE OF NORTH CAROLINA v. DARRELL LAMAR SULLIVAN, JR.

No. COA11-297

(Filed 1 November 2011)

**1. Sentencing—presumptive range—denial of motion for appropriate relief—mitigating factors**

The trial court did not abuse its discretion by denying defendant's motion for appropriate relief without holding an evidentiary hearing. Defendant's arguments only related to the presence of mitigating factors for sentencing purposes, and defendant was sentenced in the presumptive range.

**2. Appeal and Error—writ of certiorari—exercise of appellate court's discretion**

The Court of Appeals exercised its discretion and granted defendant's petition for writ of *certiorari* to reach the merits of defendant's appeal as to the judgments and commitments entered against him on 14 October 2009.

**3. Robbery—dangerous weapon—motion to dismiss—sufficiency of evidence—acting in concert**

The trial court did not err by denying defendant's motion to dismiss the three charges of robbery with a dangerous weapon under a theory of acting in concert even though the name of one of the participants was omitted.

**4. Robbery—dangerous weapon—failure to instruct on lesser-included offense of common law robbery**

The trial court did not err in a robbery with a dangerous weapon case by denying defendant's request for a jury instruction on the lesser-included offense of common law robbery. The State presented unequivocal evidence that the three men used a firearm to carry out the robbery, and the trial court's omission of the name of one of the participants in the jury instruction did not prejudice defendant under the circumstances of this case.

**5. Costs—restitution—insufficient evidence of amount**

The trial court erred by ordering defendant to pay $640.00 in restitution. Defendant did not stipulate to the amounts requested and there was no evidence presented to support the restitution worksheet submitted to the trial court. The restitution award was vacated and remanded for a new hearing on the appropriate amount of restitution.

Appeal by defendant from order entered 19 May 2010 and on Petition for Writ of Certiorari to review judgments entered 14 October 2009 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 14 September 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Heather H. Freeman, for the State.*

*Kimberly P. Hoppin for defendant appellant.*

McCULLOUGH, Judge.

On 14 October 2009, a jury convicted Darrell Lamar Sullivan, Jr. ("defendant") of three counts of robbery with a firearm and one count of conspiracy to commit robbery with a firearm. On appeal, defendant contends the trial court erred by (1) denying his motion for appropriate relief without holding an evidentiary hearing; (2) denying his motions to dismiss the armed robbery charges for insufficiency of the evidence; (3) denying his request for a jury instruction on the lesser-included offense of common law robbery; and (4) ordering him to pay $640.00 in restitution. We find no error in the trial court's ruling on defendant's motion for appropriate relief and no prejudicial error in defendant's trial. However, we vacate the trial court's restitution order and remand for rehearing on the issue of restitution.

## I. Background

On 10 January 2009, a group of individuals were socializing at a residence located on Kenilworth Road in Buncombe County, North Carolina. Among the group were Laura Meadows ("Meadows"), Jonathan Miller ("Miller"), Travis Yates ("Yates"), and Rex Haynie ("Haynie"). Haynie and Yates lived at the residence.

As they were socializing, the group noticed a vehicle appearing to be "an old Caprice" slowly approaching the residence. Three men exited the vehicle and walked up to the back door of the residence. Miller knew two of the men, defendant and Terrell Lucas ("Lucas"), and recognized them as they approached the residence. Meadows also knew Lucas. No one in the group knew the third man, who was identified at trial by defendant and Lucas as "Black."

Defendant asked the group for a cigarette, and the three men then entered the residence. Once inside, Black pulled out a gun, pointed it at the group, and ordered them to get up against the wall. Black then told defendant to grab a nearby book bag and put an Xbox and games inside. Defendant emptied the contents of the book bag, which belonged

to Miller, and put the Xbox and games inside. Black then told defendant and Lucas to check everyone's bags and ordered the individuals against the wall to empty their pockets. Black stated that if any of the individuals against the wall turned around, he would shoot them.

The men took a digital camera and an iPod from Meadows' purse. Digital scales and a red Atlanta Hawks hat were also taken from the rooms of the residence. The hat belonged to Yates and the digital scales belonged to Haynie. After the three men left the residence, Meadows called the police.

Detective Joseph Silberman ("Detective Silberman") with the Asheville Police Department was assigned to the case and conducted an investigation. Based on witness interviews, Detective Silberman located a vehicle that he believed was used by the three men on the night of the robbery. Upon checking DMV records, Detective Silberman discovered that the vehicle in question, a 1998 Chevrolet Caprice Classic, was registered to defendant. Detective Silberman conducted photo lineups with several of the witnesses, and both Yates and Haynie identified defendant as one of the three men who robbed them.

On 1 June 2009, defendant was indicted by a grand jury on three counts of robbery with a dangerous weapon and one count of conspiracy to commit robbery with a dangerous weapon. Defendant was tried by jury on all offenses.

At trial, Lucas testified on behalf of the State. Lucas had been in prison for approximately seven months for three counts of armed robbery, one count of conspiracy, and one count of burglary for the events that occurred on 10 January 2009. Lucas testified that on 10 January 2009, he, defendant, and Black were in defendant's recording studio at defendant's apartment writing a song about drinking, smoking marijuana, and committing a robbery. While writing this song, the three men got "amped up" and decided they wanted to "do something like that." Lucas had been to the Kenilworth Road residence before, and he suggested Yates' residence to rob. Lucas testified that defend- ant and Black "agreed to it."

Lucas testified that Black then took defendant's gun, a nine millimeter assault rifle, with them to defendant's car, and defendant drove them to the residence on Kenilworth Road in a Caprice Classic. Lucas stated that once the three men entered the residence, Black stayed in the living room holding the gun while he and defendant searched the rooms. Lucas testified that he took an Atlanta Hawks

**STATE v. SULLIVAN**

[216 N.C. App. 495 (2011)]

hat, digital scales, an iPod, some marijuana, and seven to ten Ecstasy pills from the residence. Lucas testified that after the robbery, defendant and Black dropped him off, and he kept some of the items taken from the house.

Defendant also testified in his own defense. Defendant testified that on 10 January 2009, Lucas and a friend named Black came over to his girlfriend's apartment. Defendant stated that the three men smoked some marijuana, then left about five minutes later to get cigarettes in defendant's Chevrolet Caprice Classic. Defendant testified that he had recorded music in his studio with Black on prior occasions, but they were not recording any music on the night of the robbery. Defendant testified that as they were driving, Lucas stated that he knew about a party and directed them to the residence on Kenilworth Road. Defendant denied that the three men had ever discussed or planned a robbery of the residence. Defendant also testified that he did not know that Black had a gun until Black pulled the gun out of his coat inside the residence and told defendant to pick up the book bag. Defendant testified that he did not know who the gun belonged to. Defendant testified that he thought Black was going to shoot him, so he picked up the Xbox and some games and put the items in the book bag. Defendant stated that after the three men left the house, Lucas gave some of the items taken from the house to Black, and then they dropped off Lucas. Defendant stated that Black kept the remainder of the items and was dropped off at another location. Defendant stated he then went back to his girlfriend's apartment and did not keep any of the stolen items. Defendant also testified that he and Lucas were forced to participate in the robbery and that he had not seen Black since the date of the incident.

At the close of trial, on 14 October 2009, the jury returned a verdict of guilty on all charges. The trial court entered judgment on the verdicts and sentenced defendant to three consecutive terms of 64 to 86 months' imprisonment for the three armed robbery convictions and to a concurrent term of 25 to 39 months' imprisonment for the conspiracy conviction. The trial court also ordered defendant to pay a total of $640.00 in restitution.

On 23 October 2009, defendant filed a motion for appropriate relief with the trial court "pursuant to G.S. 15A-1414." On 19 May 2010, the trial court entered an order denying defendant's motion for appropriate relief. On 1 June 2010, defendant filed a written notice of appeal to this Court from the judgment entered by the trial court on 19 May 2010. Defendant also filed a petition for writ of certiorari with

this Court asking this Court to review the judgments and commitments entered against him on 14 October 2009.

## II. Motion for appropriate relief

[1] Defendant first contends that the trial court committed error by denying his motion for appropriate relief without holding an evidentiary hearing.

We review a trial court's order denying a motion for appropriate relief under an abuse of discretion standard. *State v. Haywood*, 144 N.C. App. 223, 236, 550 S.E.2d 38, 46 (2001). "The test for abuse of discretion requires the reviewing court to determine whether a decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *State v. Garris*, 191 N.C. App. 276, 286, 663 S.E.2d 340, 348 (internal quotation marks and citations omitted), *disc. review denied*, 362 N.C. 684, 670 S.E.2d 907 (2008).

Pursuant to N.C. Gen. Stat. § 15A-1420(c)(1) (2009), "[a]ny party is entitled to a hearing on questions of law or fact arising from [a motion for appropriate relief] and any supporting or opposing information presented *unless the court determines that the motion is without merit.*" *Id.* (emphasis added). In addition, N.C. Gen. Stat. § 15A-1420(c)(2) states that "[a]n evidentiary hearing is not required when the motion is made in the trial court pursuant to G.S. 15A-1414, but the court may hold an evidentiary hearing if it is appropriate to resolve questions of fact." *Id.*

Here, defendant's motion for appropriate relief was made pursuant to N.C. Gen. Stat. § 15A-1414. As grounds for the motion, defendant asserted that "[t]he sentence imposed on the defendant is not supported by evidence introduced at the trial and sentencing hearing" because "defendant presented numerous mitigating factors." In addition, defendant asserted that "[s]ince the original sentencing hearing newly discovered facts regarding the aforementioned mitigating factors have come to light," stating that it had been learned that defendant had been diagnosed with Post-Traumatic Stress Disorder, that he was taking medications during trial to help with his mental health issues, and that such medications may have affected defendant's decisions regarding plea offers and/or testifying in his own defense.

The trial court's order denying defendant's motion for appropriate relief concludes "that the Defendant's Motion does not state a claim and that the Defendant is not entitled to an evidentiary hearing in this matter." Most significant, the trial court's order notes that "the Defendant was sentenced in the presumptive range."

"The court shall consider evidence of aggravating or mitigating factors . . . , but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a) (2009); *see also State v. Garnett*, ___ N.C. App. ___, ___, 706 S.E.2d 280, 287-88, *disc. review denied*, 365 N.C. 200, 710 S.E.2d 31 (2011). Moreover, "[d]efendant's notion that the court is obligated to . . . act on proposed mitigating factors when a presumptive sentence is entered has been repeatedly rejected." *State v. Hagans*, 177 N.C. App. 17, 31, 628 S.E.2d 776, 786 (2006). Given that defendant's arguments in his motion for appropriate relief only related to the presence of mitigating factors for sentencing purposes, and the fact that defendant was sentenced in the presumptive range, the trial judge could properly conclude that defendant's motion was without merit and that defendant therefore was not entitled to an evidentiary hearing. Accordingly, we find no abuse of discretion in the trial court's denial of defendant's motion for appropriate relief without holding an evidentiary hearing.

### III.  Petition for Writ of Certiorari

**[2]** Before we address the merits of defendant's remaining arguments, we must first determine if his appeal from the trial court's judgments and commitments entered against him on 14 October 2009 are properly before this Court. Under N.C. Gen. Stat. § 15A-1414 (2009), a defendant may file a motion for appropriate relief within 10 days after entry of judgment, seeking relief for any error committed by the trial court. "When a motion for appropriate relief is made under G.S. 15A-1414 or G.S. 15A-1416(a), the case remains open for the taking of an appeal until the court has ruled on the motion." N.C. Gen. Stat. § 15A-1448(a)(2) (2009). Once the trial court enters its ruling on a defendant's motion for appropriate relief, notice of appeal must be given within the fourteen-day time limit provided in our Rules of Appellate Procedure for taking appeals in criminal matters. N.C. Gen. Stat. § 15A-1448(b) (2009); N.C.R. App. P. 4(a)(2) (2011). The notice of appeal must "designate the judgment or order from which appeal is taken." N.C.R. App. P. 4(b) (2011).

In the present case, defendant timely appealed the trial court's order denying his motion for appropriate relief. However, because defendant did not also designate his intention to appeal the 14 October 2009 judgments and commitments, he failed to properly appeal those judgments and commitments to this Court, necessitating dismissal of his appeal. *See State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005) ("[W]hen a defendant has not properly

given notice of appeal, this Court is without jurisdiction to hear the appeal.").

In recognition of his failure to properly appeal the trial court's 14 October 2009 judgments and commitments, defendant petitioned this Court for the issuance of a writ of certiorari authorizing appellate review of his claims regarding the judgments and commitments entered by the trial court on 14 October 2009. "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1) (2011). We conclude that we should, in the exercise of our discretion, grant defendant's petition for writ of certiorari and reach the merits of defendant's appeal as to the judgments and commitments entered against him on 14 October 2009.

### IV.  Motion to dismiss for insufficiency of evidence

**[3]** Defendant contends the trial court erred by denying his motions to dismiss the three charges of robbery with a dangerous weapon. Specifically, defendant argues the jury was not instructed to consider whether he had acted in concert with the individual named Black to commit the robbery offenses. Therefore, defendant argues the evidence was insufficient to prove that he, acting together with Lucas, either possessed a firearm or used or threatened the use of a firearm.

In order to survive a motion to dismiss for insufficient evidence in a criminal trial, the State must present substantial evidence of (1) each essential element of the charged offense and (2) defendant's being the perpetrator of that offense. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987) (internal quotation marks and citation omitted). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences" that can be drawn from the evidence. *Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455; *see also State v. Miller*, 363 N.C. 96, 98, 678 S.E.2d 592, 594 (2009).

The essential elements of the crime of robbery with a dangerous weapon, or armed robbery, are: " '(1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of "firearms or other dangerous weapon, implement or means"; and (3) danger or threat to the life of the vic-

tim.' " *State v. Trusell*, 170 N.C. App. 33, 37, 612 S.E.2d 195, 198 (2005) (emphasis omitted) (quoting *State v. Joyner*, 295 N.C. 55, 63, 243 S.E.2d 367, 373 (1978)).

Furthermore,

> [t]o be convicted of a crime under the theory of acting in concert, the defendant need not do any particular act constituting some part of the crime. All that is necessary is that the defendant be "present at the scene of the crime" and that "he . . . act[ ] together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime."

*State v. Rush*, 196 N.C. App. 307, 312, 674 S.E.2d 764, 769 (alteration in original) (citations omitted), *disc. review denied*, 363 N.C. 587, 683 S.E.2d 706 (2009).

In the present case, as defendant appears to recognize, the evidence presented at trial, viewed in the light most favorable to the State, is sufficient to support a reasonable inference that defendant is guilty of the crime of robbery with a firearm under the theory of acting in concert. The State's evidence at trial tended to show that defendant, Lucas and Black were together at defendant's apartment where they formed a plan to rob the Kenilworth Road residence; defendant possessed a gun, which was used by Black to threaten the individuals at the Kenilworth Road residence in order to carry out the robbery; defendant drove the three men in his vehicle to and from the Kenilworth Road residence to carry out the robbery; and defendant and Lucas took items from the residence during the commission of the robbery which belonged to the individuals at the residence. Thus, the State presented sufficient evidence to support defendant's three charges of robbery with a firearm under a concerted action theory.

However, defendant argues that because the trial court did not fully instruct the jury on the concerted action theory, there was insufficient evidence to support his convictions for the armed robbery charges. After instructing the jury on the elements of a robbery with a firearm offense, the trial court gave the jury the following instruction on the principle of acting in concert:

> Now, for a person to be guilty of a crime it is not necessary that he personally do all of the acts necessary to constitute the crime. If two or more persons join in a common purpose to commit robbery with a firearm each of them, if actually or constructively present, is guilty of that crime if the other person commits

the crime, and also guilty of any other crime committed by the other in pursuance of the common purpose to commit robbery with a firearm, or as a natural or probable consequence thereof.

Thereafter, the trial court proceeded to instruct the jury according to the evidence adduced at trial. Specifically, the trial court stated:

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant, *acting together with Terrell Devon Lucas*, had in his possession a firearm and took and carried away property from Rex Michael Haynie or in the presence of Rex Michael Haynie without his voluntary consent by endangering or threatening his life with the use or threatened use of a firearm, the defendant knowing that he was not entitled to take the property and intending to deprive that person of its use permanently, it would be your duty to return a verdict of "guilty." If you do not so find or have a reasonable doubt as to one or more of these things it would be your duty to return a verdict of "not guilty."

(Emphasis added.) The trial court repeated this instruction with respect to each victim for each robbery charge.

Defendant argues that because the trial court failed to include in its instruction that the jury consider whether defendant acted in concert with Black, he could not be convicted on that theory. Defendant cites *State v. Wilson*, 345 N.C. 119, 478 S.E.2d 507 (1996), and *State v. Smith*, 65 N.C. App. 770, 310 S.E.2d 115, *modified and aff'd*, 311 N.C. 145, 316 S.E.2d 75 (1984), in support of his contention that "a defend- ant may not be convicted of an offense on a theory of his guilt different from that presented to the jury." *Smith*, 65 N.C. App. at 773, 310 S.E.2d at 117. In both *Wilson* and *Smith*, the trial court failed to provide any instruction to the jury on the law of acting in concert. Rather, in each case, "[t]he only theory of the defendant's guilt submitted to the jury was that defendant actually committed every element of each of the offenses." *Smith*, 65 N.C. App. at 772, 310 S.E.2d at 117; *Wilson*, 345 N.C. at 124, 478 S.E.2d at 511. Accordingly, as this Court held in *Smith*, "[t]he State's case must succeed or fail on that theory." *Smith*, 65 N.C. App. at 772, 310 S.E.2d at 117.

However, unlike *Wilson* and *Smith*, the trial court in the present case did in fact submit the theory of acting in concert to the jury. Furthermore, both this Court and our Supreme Court have held that " 'the trial court's charge to the jury must be construed contextually and isolated portions of it will not be held prejudicial error when the charge as a whole is correct.' " *State v. Lark*, 198 N.C. App. 82, 87, 678

S.E.2d 693, 698 (2009) (quoting *State v. Boykin*, 310 N.C. 118, 125, 310 S.E.2d 315, 319 (1984)), *disc. review denied*, 363 N.C. 808, 692 S.E.2d 111 (2010). Here, although the trial court omitted the name of one of the robbery participants in applying the concerted action theory to the armed robbery charge, "reading the jury instructions as a whole," the trial court sufficiently instructed the jury on the theory of acting in concert. *Id.* As the instruction on armed robbery under a concerted action theory was supported by the evidence, we hold the trial court did not err by denying defendant's motions to dismiss those charges.

Moreover, we note that neither counsel for defendant nor for the State objected to the omission of Black's name in the jury instructions. Despite the trial court's asking if there were "any corrections or additions from either party as to the jury charge as given," neither counsel for defendant nor for the State requested any changes. In fact, we recognize that the trial court's instruction in applying the concerted action theory to the evidence presented "was in fact favorable to defendant." *State v. Harris*, 315 N.C. 556, 564, 340 S.E.2d 383, 388 (1986). Accordingly, even if the trial court's jury instruction had been erroneous, we cannot find that defendant was prejudiced thereby. *See id.* (holding the trial court's subsequently corrected instruction that the jury must find the defendant personally committed the offenses in order to convict the defendant on those charges did not prejudice the defendant); *see also State v. Cox*, 303 N.C. 75, 86-87, 277 S.E.2d 376, 383-84 (1981) (finding no prejudicial error in the trial court's omission of an instruction relating the law of acting in concert to the particular offense of kidnapping charged against the defendants).

## V. Request for jury instruction on lesser-included offense

[4] Next, defendant contends that the trial court erred when it failed to charge the jury on the lesser-included offense of common law robbery. Defendant again points out that the jury was instructed to consider only whether defendant acted in concert with Lucas to commit robbery with a dangerous weapon by possessing, using, or threatening the use of a firearm. Defendant argues that because there was no evidence presented that either he or Lucas possessed, used, or threatened the use of a firearm, he was entitled to an instruction on the lesser-included offense of common law robbery.

Generally, " '[a] trial court is required to give instructions on a lesser-included offense . . . when there is evidence to support a verdict finding the defendant guilty of the lesser offense.' " *State v. Brunson*,

187 N.C. App. 472, 478, 653 S.E.2d 552, 555 (2007) (omission in original) (quoting *State v. Singletary,* 344 N.C. 95, 103, 472 S.E.2d 895, 900 (1996)). "Nevertheless, a trial court 'is not required to submit lesser included offenses for a jury's consideration when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence related to any element of the crime charged.'" *State v. Wood,* 149 N.C. App. 413, 416, 561 S.E.2d 304, 307 (2002) (quoting *State v. Washington,* 142 N.C. App. 657, 660, 544 S.E.2d 249, 251 (2001)). Accordingly, "[a]n instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps,* 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

"The critical difference between armed robbery and common law robbery is that the former is accomplished by the use or threatened use of a dangerous weapon whereby the life of a person is endangered or threatened." *State v. Peacock,* 313 N.C. 554, 562, 330 S.E.2d 190, 195 (1985). Here, the State presented unequivocal evidence that the three men used a firearm in order to carry out the robbery, and as we have previously discussed, the trial court's omission of Black's name in the jury instruction did not prejudice defendant under the circumstances of the present case. Accordingly, the trial court did not err in failing to instruct the jury on the lesser included offense of common law robbery.

## VI.  Restitution

[5]  Finally, defendant contends that the trial court erred by ordering him to pay $640.00 in restitution where that amount was not supported by the evidence at trial or at sentencing. We agree.

"'The amount of restitution ordered by the trial court must be supported by competent evidence presented at trial or sentencing.'" *State v. Davis,* ___ N.C. App. ___, ___, 696 S.E.2d 917, 921 (2010) (quoting *State v. Mauer,* 202 N.C. App. 546, 551, 688 S.E.2d 774, 777 (2010)); *see also State v. Replogle,* 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007) ("It is uncontested that '[t]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing.'" (alteration in original) (quoting *State v. Shelton,* 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004))). "In the absence of an agreement or stipulation between defendant and the State, evidence must be presented in support of an award of restitution." *State v. Buchanan,* 108 N.C. App. 338, 341, 423 S.E.2d

819, 821 (1992). It is well established that unsworn statements made by the prosecutor at sentencing " '[do] not constitute evidence and cannot support the amount of restitution recommended.' " *Replogle*, 181 N.C. App. at 584, 640 S.E.2d at 761 (alteration in original) (quoting *Buchanan*, 108 N.C. App. at 341, 423 S.E.2d at 821).

In the present case, the State submitted a restitution worksheet to the trial court reflecting the total amount of requested restitution as $640.00. The State concedes that defendant did not stipulate to the amounts requested and that there was no evidence presented to support the restitution worksheet submitted to the trial court. Therefore, the trial court erred in awarding $640.00 in restitution. Accordingly, we must vacate the trial court's restitution award and remand for a new hearing on the appropriate amount of restitution.

## VII.  Conclusion

We hold the trial court did not abuse its discretion in denying defendant's motion for appropriate relief without holding an evidentiary hearing. We also hold the trial court properly denied defendant's motions to dismiss the three charges of robbery with a firearm. The trial court instructed the jury on the principle of acting in concert, and to the extent the trial court omitted the name of one of the robbery participants in its charge, defendant was not prejudiced thereby. In addition, because the unequivocal evidence adduced at trial showed that the three men used a gun to commit the robbery, the trial court did not err in failing to instruct the jury on the lesser-included offense of common law robbery. However, because the restitution amount was not properly supported by evidence adduced at trial or at sentencing, we vacate the trial court's restitution award and remand to the trial court for a new hearing on the issue of restitution.

No error in trial court's ruling on defendant's motion for appropriate relief; no prejudicial error in defendant's trial; vacate and remand for rehearing on issue of restitution.

Judges HUNTER, Robert C., and STEELMAN concur.