STATE OF NORTH CAROLINA v. KENNETH MOORE

No. 8718SC20

(Filed 15 September 1987)

1. **Criminal Law § 73.2— hearsay testimony—admission under Rule 804(b)(5)— statements not admissible under another exception—absence of explicit finding —harmless error**

   Although the trial court erred in admitting hearsay statements under N.C.G.S. § 8C-1, Rule 804(b)(5) without explicitly stating its conclusion that the hearsay statements were not admissible under any other exception to the hearsay rule, defendant was not prejudiced by such error where such a conclusion was implicit in the court's order admitting the statements.

2. **Criminal Law § 73.2— hearsay testimony—admission under Rule 804(b)(5)— guarantees of trustworthiness—purpose of Rules of Evidence**

   In admitting hearsay statements under Rule 804(b)(5), the trial court made sufficient findings to support its conclusion that the statements possessed the requisite "circumstantial guarantees of trustworthiness." Furthermore, the court's conclusion that "the general purpose in the interest of justice will best be served by the admission of these statements into evidence" was a sufficient determination that admission of the statements will best serve the general purposes of the Rules of Evidence.

3. **Homicide § 21.7— second degree murder—acting in concert—sufficiency of evidence**

   The evidence was sufficient to sustain defendant's conviction of second degree murder under a theory of acting in concert where it tended to show that defendant and his brother arrived at the victim's apartment with a gun; defendant pointed the gun at the victim and a struggle ensued; when the victim ran into a bedroom, defendant's brother took the gun from defendant; both brothers followed the victim into the bedroom; and defendant's brother then shot the victim.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 7 August 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1987.

Defendant was charged in a proper bill of indictment with the second-degree murder of Keith Patrick. Defendant was found guilty and sentenced to a fifteen year term of imprisonment.

At trial, evidence was presented tending to show the following facts. On 21 September 1980, Keith Patrick, Clarence Rudd, and Virginia Moore, defendant's sister, were watching television at Patrick's apartment. Defendant and his brother, Tim Moore, ar-

State v. Moore

rived at the apartment with a gun. Virginia Moore met her brothers outside and asked them not to start any trouble. She then went back inside the apartment. Shortly thereafter, the brothers called Patrick outside and asked him something. Patrick gave them a short answer and went back inside the apartment. Defendant and his brother followed him. Defendant pointed the gun at Patrick and a struggle ensued. Rudd ran out the door and Patrick ran into a back bedroom and picked up the telephone. At that point, defendant had the gun. Tim Moore then took the gun from defendant and both brothers followed Patrick to the back bedroom where Tim Moore shot Patrick. Both brothers immediately fled.

Shortly after the shooting, the police arrived. Virginia Moore gave a detailed statement to Officer Hoyle at the apartment and a similar statement to Officer Fuller at the police station. In her statement to Officer Fuller, Virginia Moore stated that, "Both Kenneth and Timothy had knocked Keith down onto the bed somehow, I don't know. At this time, Tim shot Keith. After they shot Keith, they took off and ran to the car and left."

A week later, Virginia Moore gave another statement to the investigator for the public defender's office. This statement was to the effect that defendant attempted to stop the shooting.

At trial, Virginia Moore refused to testify.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Steven F. Bryant, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

ARNOLD, Judge.

Defendant first contends the trial court erred in admitting Virginia Moore's statements to Officers Hoyle and Fuller under G.S. 8C-1, Rule 804(b)(5).

Before hearsay testimony can be admitted under Rule 804(b) (5), the trial judge must first find that the declarant is unavailable and then engage in a six-part inquiry set out in *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). *State v. Triplett*, 316 N.C. 1, 340 S.E. 2d 736 (1986). The six-part inquiry is as follows:

(1) Has proper notice been given?

(2) Is the hearsay not specifically covered elsewhere?

(3) Is the statement trustworthy?

(4) Is the statement material?

(5) Is the statement more probative on the issue than any other evidence which the proponent can procure through reasonable efforts?

(6) Will the interests of justice be best served by admission?

*Smith*, 315 N.C. at 92-96, 337 S.E. 2d at 844-46.

[1] Defendant specifically argues that the trial court erred in failing to determine whether the hearsay statements were covered by any of the other exceptions and in failing to enter this conclusion on the record. In order for a statement to fall within the 804(b)(5) hearsay "catchall" exception, the statement must not be admissible under any other exception to the hearsay rule. Detailed findings of fact are not required, but the trial judge must enter his conclusion in the record. *Id.*

Although there is no specifically stated conclusion that the statements are not covered elsewhere, such conclusion is inherently implicit. At voir dire, the prosecutor argued that Virginia Moore's statements were admissible under Rules 803(1), 803(2) and 804(b)(5). In its order, the trial court concluded that the statements were admissible under 804(b)(5). This conclusion clearly implies that the statements were not admissible under 803(1), 803(2) or any other exception. While we are compelled to find that the trial court erred in failing to explicitly state its conclusion, we hold that defendant was in no way prejudiced by such error.

[2] Defendant also argues that the statements do not possess the required circumstantial guarantees of trustworthiness. We disagree. The threshold determination of trustworthiness has been called the most significant requirement of admissibility under the residual hearsay exception. *Id.* Findings of fact and conclusions of law as to the trustworthiness requirement must appear in the record. *Id.* After a careful review of the record, we hold that there are sufficient findings to support the trial court's conclusion that the statements possess the requisite "circumstantial guarantees of trustworthiness."

Defendant further argues that the trial court erred in failing to enter a conclusion on the record that the admission of the statements will best serve the general purposes of the rules of evidence.

The trial court concluded that "the general purpose in the interest of justice will best be served by the admission of these statements into evidence. . . ." This is clearly sufficient under the *Smith* inquiry. Defendant's argument is wholly devoid of merit.

[3]   Defendant next assigns as error the trial court's failure to grant his motion to dismiss the second-degree murder charge because the evidence was insufficient.

When a defendant moves for dismissal based on insufficiency of the evidence, the trial court must determine whether there is substantial evidence of each essential element of the offense charged, and evidence of defendant being the one who committed the crime. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984).

Defendant was charged with second-degree murder under a theory of acting in concert. A defendant acts in concert with another to commit a crime when he acts in harmony or in conjunction with another pursuant to a common criminal plan or purpose. *State v. Diaz*, 317 N.C. 545, 346 S.E. 2d 488 (1986). However it is not necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime. *State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979).

The evidence tended to show that the two brothers arrived with a gun. Defendant had possession of the gun and pointed it towards the victim. A struggle ensued and the victim ran into a bedroom. The brothers followed and Tim Moore shot the victim. This evidence was more than sufficient to support the trial court's denial of defendant's motion to dismiss.

Defendant finally contends the trial court committed plain error when it instructed the jury on acting in concert. Defendant failed to object to the instructions at trial and bases his plain er-

ror allegation on his assertion that there is no evidence to support a theory of acting in concert. Having already dealt with the sufficiency of evidence supporting the theory of acting in concert, this contention has been answered. Defendant's contention that the trial court committed plain error when it instructed the jury on acting in concert is without merit.

No error.

Chief Judge HEDRICK and Judge ORR concur.