STATE OF NORTH CAROLINA v. DERAY YANTELL JACKSON

No. COA07-695

(Filed 15 April 2008)

**1. Constitutional Law— trial by jury—discussion between two jurors**

Defendant was not denied his right to a trial by jury where two jurors discussed his case in a bathroom. There is no authority that prevents two jurors from discussing the case between themselves, and the bathroom adjoined the jury room and was considered to be part of the jury room.

**2. Constitutional Law— double jeopardy—discharging weapon into occupied property—first-degree murder**

Defendant was not convicted of discharging a weapon into occupied property in violation of the double jeopardy clause where he contended that discharging a weapon was an element necessary to establish first-degree murder in this case. The relevant inquiry is into the elements of the crimes, not whether the

same fact scenario fulfills the elements of the two distinct crimes. The merger doctrine has been held not to apply in North Carolina.

**3. Homicide— attempted murder—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss a charge of attempted murder on the ground of insufficient evidence. The State presented evidence that defendant fired a weapon at the vehicle the victim was driving as well as evidence of premeditation and deliberation, and a rational trier of fact could conclude from this evidence that defendant intended to kill both men in the car as he and others opened fire on it.

**4. Homicide— conspiracy to commit murder—evidence sufficient**

There was sufficient evidence to support a charge of conspiracy to commit murder.

Appeal by defendant from judgments entered 13 September 2006 by Judge Robert F. Floyd, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 9 January 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Diane A. Reeves, for the State.*

*The Law Office of Bruce T. Cunningham, Jr., by Bruce T. Cunningham, Jr. and Amanda S. Zimmer, for defendant-appellant.*

HUNTER, Judge.

Deray Yantell Jackson ("defendant") appeals from judgments entered on 13 September 2006 pursuant to a jury verdict finding him guilty of first degree murder under the felony murder rule, attempted first degree murder, discharging a weapon into occupied property,[1] and conspiracy to commit murder. Defendant was sentenced to, *inter alia*, life imprisonment without parole.[2] After careful consideration we find no error.

At trial, the State's evidence tended to show that defendant and Spencer White ("White") gave $60,000.00 to Terry Guy ("Guy") to pur-

---

1. Judgment was arrested on this charge as that felony was the basis for the application of the felony murder rule.

2. Defendant was also sentenced to 251-311 months' imprisonment for the attempted first degree murder conviction, and 251-311 months' imprisonment for the conspiracy to commit murder charge, to be served consecutively.

chase drugs on their behalf during October 2003. Two months after Guy received the money, he had not purchased the drugs and appeared to have taken the money without any intention of doing so.

Defendant and White then began to look for Guy, ultimately locating him at the Inkeeper Hotel in Fayetteville, North Carolina. Defendant, White, and two other men met at the hotel where Guy was staying. Upon observing Guy leave the hotel in his vehicle with Eric Cox ("Cox"), the men followed Guy and Cox.

At an intersection, gunshots were fired from the occupants of both vehicles, the relevant details of which are set out below. As a result of the incident, both Guy and Cox were shot. Guy ultimately died from his wounds, but Cox survived.

Defendant presents the following issues for this Court's review: (1) whether defendant's right to a trial by jury was violated; (2) whether the trial court erred by denying defendant's motion to dismiss the charge of discharging a weapon into occupied property; (3) whether defendant received ineffective assistance of counsel; (4) whether the trial court erred by not dismissing the charge of attempted first degree murder; and (5) whether the trial court erred in denying defendant's motions to dismiss and set aside the charge of conspiracy to commit first degree murder.

I.

[1] Defendant first argues that he was denied his right to a trial by jury because ten jurors discussed his case in the jury room, while two others discussed it in an adjoining bathroom. Defendant contends that upon learning about the deliberation proceedings, the trial court should have declared a mistrial *ex mero motu*, or alternatively, that defendant received ineffective assistance of counsel when his attorney failed to move for a mistrial upon learning of the same. We disagree.

Article I, § 24 of the North Carolina Constitution states that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. The Sixth Amendment of the United States Constitution, applicable to the states via the Fourteenth Amendment, guarantees "that the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" U.S. Const. amend. VI. As a general matter, our constitution provides a higher level of protection on issues regarding the right to a jury trial than does the federal counterpart. *See, e.g., State v. Poindexter*, 353 N.C.

440, 545 S.E.2d 414 (2001) (a unanimous verdict is assured by our constitution but not by the federal constitution); *State v. Hill*, 209 N.C. 53, 182 S.E. 716 (1935) (right to a jury trial is not a personal right that can be waived under our constitution but can be waived as a personal right under the federal constitution). Accordingly, we, like defendant in his brief to this Court, analyze the issue solely under Article I, § 24 of the North Carolina Constitution.

On 13 September 2006, during the jury's deliberations on defendant's sentence, a note was passed from juror number twelve to the judge regarding an incident occurring during the guilt phase of the deliberations. The note read as follows:

"An incident occurred on Thursday, 09/07/06, that I believe you need to be aware of. During this time of deliberation, emotions were running high, and two of the jurors went into the restroom to discuss the trial out of earshot of the rest of the jurors. Yesterday, (09-12-06,) one of the two jurors stated that the only reason she voted guilty was because she felt pressured into it. I don't know if [it] will have any bearing on the trial, but I think you should know about it now rather than find out about it 6 months from now from some news interview with someone.["]

After receiving the note, the trial court spoke with the juror about whom the note was written to determine whether that juror was influenced by any matters not in evidence or by intimidation, two of the permitted inquiries a trial court may make regarding a jury's deliberative process. *See* N.C. Gen. Stat. § 15A-1240 (2007). The trial court, after speaking with the juror, determined that she had not been intimidated or received outside information and was in agreement with the verdict reached by the jury. The trial court also noted that no conversations had occurred outside the jury room.

At most, the record only establishes that the two jurors may have discussed the case between themselves. Defendant has cited no authority, nor were we able to uncover any, that prevents jurors from doing so. Indeed, the jurors were properly instructed under N.C. Gen. Stat. § 15A-1236(a)(1) (2007) "[n]ot to talk among themselves about the case except in the jury room after their deliberations have begun[]" several times by the trial court. This is not a case where two jurors left the jury room and walked down the hall to a detached bathroom while the other jurors continued to deliberate; the bathroom in this instance adjoined the jury room. In essence, we consider the jury bathroom, in this case, to be part of the jury room and accordingly

find no constitutional violation. Because we find no constitutional violation, defendant is unable to establish that his counsel was ineffective for failing to object on constitutional grounds. *See Strickland v. Washington*, 466 U.S. 668, 700, 80 L. Ed. 2d 674, 702 (1984) ("[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim"). Accordingly, defendant's assignments of error as to these issues are overruled.

## II.

[2] Defendant next argues that he was convicted in violation of the double jeopardy clause. We disagree.

"The Fifth Amendment to the United States Constitution provides that no person shall be 'subject for the same offence to be twice put in jeopardy of life or limb.' " *State v. Ezell*, 159 N.C. App. 103, 106, 582 S.E.2d 679, 682 (2003). Although "Article I, section 19 of the North Carolina Constitution does not expressly prohibit double jeopardy . . . the courts have included it as one of the 'fundamental and sacred principle[s] of the common law, deeply imbedded in criminal jurisprudence' as part of the 'law of the land.' " *Id.* (alteration in original) (quoting *State v. Ballard*, 280 N.C. 479, 482, 186 S.E.2d 372, 373 (1972)).

The clause operates to prohibit: "(1) a second prosecution for the same offenses after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple convictions for the same offense." *Id.* In the instant case, defendant argues that he received multiple convictions for the same offense. Simply put, defendant contends that his conviction for discharging a weapon into occupied property should have been dismissed as it was an element necessary to establish first degree murder in this case. We first turn to defendant's argument that the trial court erred by failing to dismiss the charge at the close of evidence.

" 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' " *Missouri v. Hunter*, 459 U.S. 359, 366, 74 L. Ed. 2d 535, 542 (1983) (citation omitted). " 'If proof of an additional fact is required for each conviction which is not required for the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same.' " *State v. Fernandez*, 346 N.C. 1, 19, 484

S.E.2d 350, 361 (1997) (citation omitted). Thus, the elements of the crime, and not whether the same fact scenario fulfills the elements of the two distinct crimes, is the relevant inquiry.

N.C. Gen. Stat. § 15A-34.1 prohibits willfully or wantonly discharging or attempting to discharge a firearm into a vehicle while it is occupied. "[A] person is guilty of the felony . . . if he intentionally, without legal justification or excuse, discharges a firearm into [occupied property] with knowledge that the [property] is then occupied by one or more persons or when he has reasonable grounds to believe that" it is occupied. *State v. Williams*, 284 N.C. 67, 73, 199 S.E.2d 409, 412 (1973).

Under the merger doctrine, not adopted in North Carolina but adopted by some states, " 'a . . . felony-murder instruction may not properly be given when it is based upon a felony which is an integral part of the homicide and which the evidence produced by the prosecution shows to be an offense included *in fact* within the offense charged.' " *State v. Wall*, 304 N.C. 609, 612, 286 S.E.2d 68, 71 (1982) (quoting *People v. Ireland*, 70 Cal. 2d 522, 539 (1969)). "[Our Supreme] Court, however, has expressly upheld convictions for first-degree felony murder based on the underlying felony of discharging a firearm into occupied property." *Id.* As we are bound by our Supreme Court's decision in *Wall*, defendant's arguments regarding the merger doctrine are rejected.[3] *See State v. Parker*, 140 N.C. App. 169, 172, 539 S.E.2d 656, 659 (2000) (holding that we are bound by the written decisions of our Supreme Court).

Accordingly, defendant's assignments of error as to this issue, and his alternate argument regarding ineffective assistance of counsel for failure to object to the jury instruction regarding the underlying felony, are rejected.

## III.

[3] Defendant next argues that the trial court erred in denying his motion to dismiss the charge of attempted murder on the grounds

---

3. Defendant cites our Supreme Court's opinion in *State v. Jones*, 353 N.C. 159, 170, n.3, 538 S.E.2d 917, 926, n.3 (2000), which stated that although the merger doctrine has been disavowed, "cases involving a single assault victim who dies of his injuries have never been similarly constrained[,]" as authority to overturn defendant's conviction in this case. The rule announced in *Jones*, however, only applies where there is a single assault victim. *State v. Carroll*, 356 N.C. 526, 535, 573 S.E.2d 899, 906 (2002). There being multiple assault victims in this case, defendant's argument on this point is without merit.

that there is insufficient evidence to support the essential elements of the crime. We disagree.

The standard of review on appeal of the denial of a criminal defendant's motion to dismiss for insufficient evidence is whether the State has offered substantial evidence to show the defendant committed each element required to be convicted of the crime charged. *State v. Williams*, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002). Substantial evidence is evidence that is existing, not just seeming or imaginary. *State v. Irwin*, 304 N.C. 93, 97-98, 282 S.E.2d 439, 443 (1981). "Upon a motion to dismiss in a criminal prosecution, the trial court must view the evidence in the light most favorable to the state, giving the state the benefit of every reasonable inference that might be drawn therefrom." *State v. Etheridge*, 319 N.C. 34, 47, 352 S.E.2d 673, 681 (1987).

A person commits the crime of attempted first degree murder if he: "[1] specifically intends to kill another person unlawfully; [2] he does an overt act calculated to carry out that intent, going beyond mere preparation; [3] he acts with malice, premeditation, and deliberation; and [4] he falls short of committing the murder." *State v. Cozart*, 131 N.C. App. 199, 202-03, 505 S.E.2d 906, 909 (1998).

Defendant argues in his brief that there was no intent to kill Cox. Rather, Cox happened to be driving the vehicle occupied by Guy and was "simply in the wrong place at the wrong time." Moreover, defendant argues that his lack of intent to kill Cox is evidenced by the fact that the jury acquitted defendant on the charge that he intentionally killed Guy, instead convicting him under the felony murder rule, which does not require a showing of intent.

Our review for the sufficiency of the evidence is "independent of the jury's determination that evidence on another count was insufficient." *State v. Burton*, 119 N.C. App. 625, 640, 460 S.E.2d 181, 192 (1995) (reasoning that lenity may have been the cause for any inconsistences in the verdict and not necessarily the failure of the State to prove their case beyond a reasonable doubt) (citing *United States v. Powell*, 469 U.S. 57, 67, 83 L. Ed. 2d 461, 470 (1984)). Thus, our review is limited to whether the State offered substantial evidence that defendant committed each of the elements charged.

The overt act requirement is satisfied by the State's presentation of evidence tending to show that defendant fired a weapon at the vehicle which Cox was operating. There was also sufficient evidence

presented as to premeditation, deliberation, and intent: Defendant told Guy on the phone that he would not be able to get away and was aware that Cox was in the vehicle. Defendant, while acting in concert with others, then opened fire upon the vehicle in which Cox was riding. A rational trier of fact could conclude from this evidence that defendant, who had knowledge of Cox's presence in the car, intended to kill both men as he and the men he acted in concert with opened fire at the occupied car. *See Cozart,* 131 N.C. App. at 203, 505 S.E.2d at 909 (holding the element of intent satisfied where a defendant can see the victim in the property and begins shooting at the property he knows to be occupied while acting in concert with others). Accordingly, defendant's assignment of error as to this issue is rejected.

IV.

[4] Defendant's final argument is that the trial court erred in failing to dismiss the charge of conspiracy to commit murder. We disagree.

As stated above, when reviewing a motion to dismiss for insufficiency of the evidence, we view the evidence in the light most favorable to the State and grant every reasonable inference therefrom.

The elements of conspiracy to commit murder are: (1) defendant entered into an agreement with at least one other person; and (2) the agreement was for an unlawful purpose, here, to commit or assist in committing murder. *State v. Larrimore,* 340 N.C. 119, 156, 456 S.E.2d 789, 809 (1995).

Defendant again argues that the jury verdicts were inconsistent, and therefore, the State failed to carry its burden. For the reasons discussed in section III of this opinion, defendant's assignments of error as to this issue are also rejected.

V.

In summary, we hold that defendant has not successfully raised a constitutional issue under art. 1, § 24 of the North Carolina Constitution. Similarly, defendant was not convicted in violation of the double jeopardy clause. We also conclude that the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence. Defendant's assignments of error are therefore rejected.

No error.

Judges CALABRIA and STROUD concur.