STATE OF NORTH CAROLINA v. JOHN JUNIOR RUSH, II

No. COA08-871

(Filed 7 April 2009)

**1. Criminal Law— prosecutor's remarks—not grossly improper**

The prosecutor's closing remarks in a prosecution for the murder of a thirteen-year old boy were not grossly improper where their purpose was to convince the jury to convict defendant specifically to deter defendant's unlawful behavior. Assuming that the argument was grossly improper, it could not have been prejudicial considering the uncontested overwhelming evidence of guilt.

**2. Homicide— attempted first-degree murder—premeditation and deliberation—evidence sufficient**

There was sufficient evidence of attempted first-degree murder where defendant contended that the evidence of premeditation and deliberation was insufficient. The victim was shot while defendant and a co-conspirator were robbing a convenience store and there was sufficient evidence of premeditation and deliberation through the doctrine of acting in concert.

**3. Sentencing— felony murder merger doctrine—arrest of underlying judgment**

Judgment on an armed robbery conviction should have been arrested pursuant to the felony murder merger doctrine.

Appeal by defendant from judgments entered 5 December 2007 by Judge William Z. Wood, in Guilford County Superior Court. Heard in the Court of Appeals 11 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Kevin L. Anderson, for the State.*

*Duncan B. McCormick for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

John Junior Rush, II ("defendant") appeals his convictions of first-degree murder, attempted first-degree murder, and robbery with a dangerous weapon. After review, we conclude that defendant received a trial free of prejudicial error, and remand for the trial court to arrest judgment on defendant's conviction of robbery with a dangerous weapon.

## I. FACTUAL BACKGROUND

At trial, the State's evidence showed the following: Tam Nguyen and his thirteen-year-old son, Phi Nguyen, worked at the McConnell Road Mini Mart ("the Mini Mart"), a convenience store in Greensboro owned by the Nguyen family. Because of prior robberies, Tam Nguyen carried a .45 caliber Colt. The Nguyens kept the doors of the store locked at night, permitting only regular customers to enter.

On the night of 31 August 2005, defendant and Akheem Sterling ("Sterling") planned to rob the Mini Mart while Tam and Phi Nguyen, were working. Before the robbery, defendant and Sterling circled the Mini Mart three to four times, stopped at a nearby store to buy gloves for the robbery, and sent a woman known as "Noodles" to scout out

the store. After scouting out the store, "Noodles" drove defendant and Sterling to the Mini Mart. When defendant and Sterling approached the Mini Mart, Sterling knocked on the door. Phi opened the door and defendant ran past Phi to the register. After defendant found the register empty, he observed money on the counter to the left of the cash register and began putting the money in a plastic bag.

Sterling moved toward the back of the store, where Tam was located, and pointed his nine-millimeter handgun at Tam, whereupon Tam and Sterling exchanged gunfire. Sterling shot Tam at least twice and Sterling was shot once. After being shot, Sterling returned to the front of the store and shot Phi in the back of his head, in his chest, and in his back. Defendant and Sterling left the store with approximately $85.00. Tam survived the robbery, but shortly after being shot, Phi died. After the robbery, Sterling told defendant that he thought he killed both Tam and Phi Nguyen.

Subsequently, defendant and Sterling were arrested. On 14 September 2005, defendant, in a statement to the police, admitted that he and Sterling planned to rob the Mini Mart, and that during the course of the robbery, Sterling shot Tam and shot and killed Phi Nguyen.

On 3 January 2006, a grand jury indicted defendant on charges of first-degree murder, attempted first-degree murder, and robbery with a dangerous weapon. Defendant pled not guilty and was tried before a jury on 3-5 December 2007. Defendant's motions to dismiss all charges were denied. The jury convicted defendant of first-degree murder on the basis of the felony murder rule, attempted first-degree murder on the basis of premeditation and deliberation, and robbery with a dangerous weapon. Defendant was sentenced to life imprisonment for the first-degree murder of Phi Nguyen, 157 to 197 months' imprisonment for the attempted first-degree murder of Tam Nguyen and 64 to 86 months' imprisonment for robbery with a dangerous weapon. The sentences for attempted first-degree murder and robbery with a dangerous weapon run concurrently with defendant's life sentence for first-degree murder. Defendant gave notice of appeal in open court.

On appeal, defendant contends that the trial court erred by (1) failing to intervene *ex mero motu* during the prosecutor's closing argument, (2) denying defendant's motion to dismiss the charge of attempted first-degree murder, and (3) failing to arrest judgment on defendant's robbery with a dangerous weapon charge.

## II. FAILURE TO INTERVENE *EX MERO MOTU*

**[1]** Defendant contends that the trial court erred by failing to intervene *ex mero motu* during the prosecutor's closing remarks. After reviewing the prosecutor's statements, we conclude that the remarks were not grossly improper, and therefore, do not rise to the level of prejudice that would warrant a new trial.

Because defendant failed to object to the prosecutor's remarks at trial, our review is limited to " ' "whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*." ' " *State v. Taylor*, 362 N.C. 514, 545, 669 S.E.2d 239, 265 (2008) (quoting *State v. McNeill*, 360 N.C. 231, 244, 624 S.E.2d 329, 338, *cert. denied*, 549 U.S. 960, 166 L. Ed. 2d 281 (2006)). Pursuant to this standard, " ' "only an extreme impropriety on the part of the prosecutor will compel [the] Court to hold that the trial judge abused his discretion in not recognizing and correcting *ex mero motu* an argument that defense counsel apparently did not believe was prejudicial when originally spoken." ' " *Id.* (citations omitted).

In the present case, the prosecutor made the following closing argument to the jury:

> You know who committed this crime. You know how it was committed. Your difficulty is going to be in applying the law. And I say your difficulty. I hope you don't have any difficulty, but I anticipate you will, because you know that when you find this man guilty, he goes to prison for the rest of his life.
>
> Mercy? The State is not asking you to execute this man. They're not seeking the death penalty. That's a lot more mercy than was shown this 13 year old. A lot more mercy. We're asking you to find him guilty and let him spend the rest of his life in prison, so another 13 year old boy isn't innocently gunned down.

Defendant contends that the prosecutor's remarks were grossly improper because the statements suggested that convicting defendant would have a general deterrent effect on the conduct of others. During closing remarks, the prosecution may not argue that convicting the defendant will have a general deterrent effect; however, "the prosecution may argue specific deterrence, that is, the effect of conviction on the defendant himself." *State v. Abraham*, 338 N.C. 315, 339, 451 S.E.2d 131, 143 (1994). The prosecutor's closing remarks asked the jury "to find [defendant] guilty and let him spend the rest of his life in prison, so another 13 year old boy isn't innocently gunned

down." The purpose of the prosecutor's argument was to convince the jury to convict defendant to specifically deter defendant's unlawful behavior. As such, we conclude that the prosecutor's statements were not grossly improper.

Assuming *arguendo* that the prosecutor's argument was grossly improper, given the amount of evidence against defendant, it could not have been prejudicial. During trial, the State presented overwhelming evidence of defendant's guilt, including defendant's admissions to the police that he and Sterling planned and executed the robbery and that Sterling shot both Tam and Phi Nguyen. Moreover, this evidence was uncontested by defendant at trial and on appeal. Based on this evidence, the prosecutor's statements were not prejudicial, because it was unlikely that his statements impacted the jury's verdict.

We conclude that the prosecutor's remarks were not so grossly improper as to require *ex mero motu* action by the trial court. Moreover, even if the remarks were improper, they were not prejudicial because the record provides sufficient support for defendant's convictions. Accordingly, we hold that the trial court did not err by failing to intervene *ex mero motu* during the prosecutor's closing remarks.

## III. MOTION TO DISMISS

[2] Defendant argues that the trial court erred in denying his motion to dismiss the charge of attempted first-degree murder on the grounds that there was insufficient evidence to prove the elements of premeditation and deliberation. We disagree.

When considering a motion to dismiss, based on insufficiency of evidence, the standard of review is "whether the State has offered substantial evidence to show the defendant committed each element required to be convicted of the crime charged." *State v. Jackson*, 189 N.C. App. 747, 753, 659 S.E.2d 73, 77, *disc. review denied, appeal dismissed*, 362 N.C. 512, 668 S.E.2d 564 (2008), *cert. denied*, 2009 U.S. LEXIS 1704. " ' "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " *State v. Edwards*, 174 N.C. App. 490, 496, 621 S.E.2d 333, 338 (2005) (citations omitted). In making a determination, the court must view the evidence admitted in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor. *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132

L. Ed. 2d 818 (1995). " 'The motion to dismiss should be denied if there is substantial evidence supporting a finding that the offense charged was committed.' " *State v. Poag*, 159 N.C. App. 312, 318, 583 S.E.2d 661, 666 (citations omitted), *appeal dismissed, disc. review denied*, 357 N.C. 661, 590 S.E.2d 857 (2003).

"A person commits the crime of attempted first degree murder if he: '[1] specifically intends to kill another person unlawfully; [2] he does an overt act calculated to carry out that intent, going beyond mere preparation; [3] he acts with malice, premeditation, and deliberation; and [4] he falls short of committing the murder.' " *Jackson*, 189 N.C. App. at 653, 659 S.E.2d at 77-78 (quoting *State v. Cozart*, 131 N.C. App. 199, 202-03, 505 S.E.2d 906, 909 (1998), *disc. review denied*, 350 N.C. 311, 534 S.E.2d 600 (1999)), *appeal dismissed, cert. denied*, 362 N.C. 512, 651 S.E.2d 225 (2007). A person acts with premeditation when " 'the act was thought out beforehand for some length of time, however short, but no particular amount of time is necessary for the mental process of premeditation.' " *State v. Jones*, 342 N.C. 628, 630, 467 S.E.3d 233, 234 (1996) (citation omitted). Deliberation is defined as "an intent to kill, carried out in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose[.]" *State v. Conner*, 335 N.C. 618, 635, 440 S.E.2d 826, 836 (1994). In determining whether there is evidence of premeditation and deliberation, our Court should consider the following factors: "(1) lack of provocation by the intended victim or victims; (2) conduct and statements of the defendant both before and after the attempted killing; (3) threats made against the victim or victims by the defendant; and (4) ill will or previous difficulty between the defendant and the intended victim or victims." *Cozart*, 131 N.C. App. at 202, 505 S.E.2d at 909.

To be convicted of a crime under the theory of acting in concert, the defendant need not do any particular act constituting some part of the crime. *State v. Moore*, 87 N.C. App. 156, 159, 360 S.E.2d 293, 295 (1987), *disc. review denied*, 321 N.C. 477, 364 S.E.2d 664 (1988). All that is necessary is that the defendant be "present at the scene of the crime" and that "he . . . act[] together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *Id.* at 159, 360 S.E.2d at 295-96.

In the present case, the victim was shot while defendant and a confederate co-conspirator, were robbing the Mini Mart. Pursuant to the law of acting in concert, " '[i]f two or more persons join in a purpose to commit robbery with a firearm, each of them, if actually or

constructively present, is not only guilty of that crime if the other commits the crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose to commit robbery with a firearm, or as a natural or probable consequence thereof.' " *Poag*, 159 N.C. App. at 320, 583 S.E.2d at 667 (citation omitted).

Pursuant to the acting in concert doctrine, there was sufficient evidence presented at trial to find that defendant acted with premeditation and deliberation. The evidence in the record shows that defendant and Sterling planned the robbery of the Mini Mart. Prior to the robbery, defendant and Sterling circled the Mini Mart, sent "Noodles" inside to scout out the place, and purchased gloves to use. Furthermore, Sterling armed himself with a nine-millimeter handgun, and shot Tam Nguyen at least twice during the course of the robbery. This was sufficient evidence to show premeditation and deliberation. *See State v. Welch*, 316 N.C. 578, 590, 342 S.E.2d 789, 796 (1986) (holding that there was sufficient evidence of premeditation and deliberation when the defendant previously planned to commit the robbery, armed himself with a shotgun, and shot the victim during the robbery), *cert. denied*, 1998 N.C. LEXIS 515; *State v. Allen*, 162 N.C. App. 587, 592, 592 S.E.2d 31, 36 (finding that there was sufficient evidence of premeditation and deliberation when the defendant armed himself with a rifle as part of a plan to rob someone at an apartment, and only a brief period of time passed between the time he entered the apartment and shot the victim), *appeal dismissed*, 358 N.C. 546, 599 S.E.2d 557 (2004).

We hold that the trial court did not err in failing to dismiss defendant's charge of attempted first-degree murder because defendant acted in concert with Sterling to commit the robbery, wherein Sterling shot Tam Nguyen with premeditation and deliberation. We overrule the assignment of error.

## IV. FAILURE TO ARREST ROBBERY CONVICTION

**[3]** Defendant contends that the trial court erred in failing to arrest judgment on the robbery with a dangerous weapon judgment and asks this Court to remand for resentencing. The State concedes that the sentence for the underlying robbery with a dangerous weapon conviction should have been arrested pursuant to the felony murder merger doctrine. We agree.

The felony murder merger doctrine provides that "[w]hen a defendant is convicted of felony murder only, the underlying felony constitutes an element of first-degree murder and merges into the mur-

der conviction." *State v. Millsaps*, 356 N.C. 556, 560, 572 S.E.2d 767, 770 (2002). "[W]hen the sole theory of first-degree murder is the felony murder rule, a defendant cannot be sentenced on the underlying felony in addition to the sentence for first-degree murder[.]" *State v. Wilson*, 345 N.C. 119, 122, 478 S.E.2d 507, 510 (1996) (quoting *State v. Small*, 293 N.C. 646, 660, 239 S.E.2d 429, 438-39 (1977)); *compare State v. Lewis*, 321 N.C. 42, 50, 361 S.E.2d 728, 733 (1987) (stating that if a defendant's conviction of first-degree murder is based on both the felony murder rule and premeditation and deliberation, a defendant may be sentenced for both first-degree murder and the underlying felony). In the present case, defendant's first-degree murder conviction was based on the felony murder rule, with the underlying felony of robbery with a dangerous weapon. In accordance with the felony murder merger doctrine, defendant's robbery with a dangerous weapon conviction merges with his first-degree murder conviction.

The trial court erred in failing to arrest judgment on robbery with a dangerous weapon as " 'the underlying felony must be arrested under the merger rule.' " *State v. Young*, 186 N.C. App. 343, 353, 651 S.E.2d 576, 583 (2007) (citations omitted), *appeal dismissed*, 362 N.C. 372, 662 S.E.2d 394 (2008). "The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment[.]" *State v. Marshall*, 188 N.C. App. 744, 752, 656 S.E.2d 709, 715 (quoting *State v. Fowler*, 266 N.C. 528, 531, 146 S.E.2d 418, 420 (1966)), *disc. review denied*, 362 N.C. 368, 661 S.E.2d 890 (2008). Accordingly, we remand this case for the trial court to arrest judgment on the underlying felony of robbery with a dangerous weapon.

## V. CONCLUSION

Defendant received a fair trial, free of prejudicial error. For the reasons stated herein, we hold that the trial court did not err in failing to intervene *ex mero motu* during the prosecutor's closing remarks. Moreover, the trial court properly denied defendant's motion to dismiss the charge of attempted first-degree murder. We remand to the trial court with instructions to arrest judgment on the robbery with a dangerous weapon conviction.

No error in part; remanded in part.

Judges McGEE and JACKSON concur.