ELMORE, Judge.
Defendant Savannah Rose Walker appeals from judgment entered upon a jury verdict finding her guilty of second degree murder. On appeal, defendant contends the trial court erred by denying her motion to dismiss and instructing the jury on the State's acting-in-concert theory of guilt, which she argues was not supported by the evidence.
Because the State's evidence supported its theory that defendant and her then-boyfriend, co-defendant Shawn C. Hollifield, had the common purpose to possess drugs purchased from Deque Taylor ("the victim"), and that the victim's death was a natural and probable consequence of the failed drug deal, we find no error in the trial court's judgment.
I. Background
Defendant presented no evidence at trial, while the State's evidence tended to show the following.
Defendant had purchased drugs from the victim on at least one occasion prior to December 2015. On 3 December 2015, defendant sent the victim a Facebook message and arranged to buy three Percocet pills from him for $100.00. Defendant, Hollifield, and a third party then met the victim at a gas station to make the exchange. The victim approached and entered the parties' vehicle-a Jeep Compass rented to and being driven by Hollifield-and sat in the rear passenger seat. The third party was seated in the front passenger seat, and defendant was seated behind Hollifield.
In the backseat of the vehicle, the victim handed defendant three pills in exchange for $100.00 in cash. Defendant almost immediately realized the pills were fake and demanded her money back, but the victim refused. As the parties began to argue, Hollifield put the vehicle in motion. The victim then opened the rear passenger door in an attempt to exit the vehicle, but he became entangled in his seat belt.
Upon leaving the gas station, Hollifield began driving quickly and erratically by swerving the vehicle, jumping the curb, and weaving through traffic. One witness testified that as the vehicle approached his from the right, he had to take "evasive action" to avoid an accident. As the vehicle passed, the witness "saw a person's leg hanging out of the car" and his foot hitting the pavement. Two witnesses testified to seeing a person grasping on to the rear passenger side door and seat belt as the vehicle passed, and "his tailbone [was] dragging the pavement." One of the two witnesses further testified that the vehicle "did not slow down" but "was speeding up and taking off," and that "[t]he driver was driving, the back passenger was just sitting there," and "[n]either one of them was leaning over" as if to assist the victim. A fourth witness testified that as the vehicle approached him at an intersection, he heard a person yelling "stop" as the majority of his body was hanging outside of the vehicle.
The victim was then dragged for approximately half a block before someone in the vehicle cut his seat belt, causing him to fall into the road and roll onto the sidewalk. The victim was pronounced dead at the scene as a result of the head injuries he sustained, while defendant and Hollifield, who "sped up and drove away" after the victim fell, hid in a trailer for approximately one month prior to their discovery and arrest.
At the close of the evidence, defendant made a motion to dismiss for insufficient evidence to submit the second degree murder charge to the jury on the State's acting-in-concert theory of guilt. The trial court denied the motion and proceeded to instruct the jury on its duty to return a verdict of "[g]uilty of second degree murder based on acting in concert, or guilty of involuntary manslaughter based on acting in concert, or not guilty." The trial court specifically explained that
[f]or a defendant to be guilty of a crime it is not necessary that the defendant do all of the acts necessary to constitute the crime. If two or more person [sic] join in a common purpose to commit attempted possession of Percocet, a Schedule II controlled substance, each of them if actually present is guilty of any other crime committed by the other in the pursuance of the common purpose to commit attempted possession of Percocet, a Schedule II controlled substance, or as a natural and probable consequence thereof.
The defendant is not guilty of a crime merely because the defendant is present at the scene.... [T]o be guilty a defendant must aid or actively encourage the person committing the crime or in some way communicate to another person the defendant's intention to assist in its commission.
The jury returned a verdict finding defendant guilty of second degree murder, and the trial court sentenced her to an active term of 125 to 162 months' imprisonment. Defendant entered oral notice of appeal in open court.
II. Discussion
On appeal, defendant contends the trial court erred in denying her motion to dismiss and proceeding to instruct the jury on the State's acting-in-concert theory of guilt. She argues the State's evidence failed to show that defendant and Hollifield had the common purpose to possess drugs, and that even if they did, the victim's death was "tangential" to that purpose.
Although defendant presents her argument as two distinct issues on appeal (i.e. , the trial court's denial of her motion to dismiss and its instruction to the jury following that denial), both hinge on the sole issue of whether the State presented substantial evidence in support of each element of second degree murder based on acting in concert. Because defendant does not contend that the jury instruction itself was incorrect, misleading, or inconsistent with the trial court's ruling on defendant's motion to dismiss, we limit our review to the denial of that motion.
i. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).
"When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense." Id. (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id . "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted). Additionally, a "substantial evidence inquiry examines the sufficiency of the evidence presented but not its weight." State v. McNeil , 359 N.C. 800, 804, 617 S.E.2d 271, 274 (2005). Thus, "[i]f there is substantial evidence-whether direct, circumstantial, or both-to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." Id .
ii. Second Degree Murder Based on Acting in Concert
To survive a motion to dismiss in the instant case, the State must have presented substantial evidence (1) that Hollifield wounded the victim, (2) that Hollifield acted intentionally and with malice, (3) that Hollifield's actions were a proximate cause of the victim's death, and (4) that defendant acted in concert with Hollifield. See N.C.P.I.-Crim. 206.31A. On appeal, defendant argues only that the State failed to present substantial evidence that defendant acted in concert with Hollifield.
"To be convicted of a crime under the theory of acting in concert, the defendant need not do any particular act constituting some part of the crime." State v. Rush , 196 N.C. App. 307, 312, 674 S.E.2d 764, 769 (2009) (citation omitted). "All that is necessary is that the defendant be 'present at the scene of the crime' and that 'he act together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.' " Id . (quoting State v. Moore , 87 N.C. App. 156, 159, 360 S.E.2d 293, 295-96 (1987) (ellipsis and brackets omitted)).
If two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose or as a natural or probable consequence thereof.
State v. Barnes , 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997) (citations, quotation marks, ellipsis, and brackets omitted).
iii. Common Purpose to Possess Drugs
To support its acting-in-concert theory of guilt, the State first had the burden of showing that defendant and Hollifield shared the common purpose to possess drugs. Defendant contends that because "the State failed to present any evidence that Mr. Hollifield acted purposefully to possess Percocet," defendant and Hollifield did not share a common purpose, and the trial court erred in denying her motion to dismiss.
The State's evidence showed that defendant and Hollifield were in a dating relationship, and in a taped interview, defendant admitted to having previously purchased drugs from the victim. On 3 December 2015, Hollifield rented the vehicle used in the drug deal and accompanied defendant to meet the victim at the gas station. Moreover, following the events of 3 December 2015, defendant and Hollifield eluded arrest together for approximately one month. When they were discovered and arrested, large amounts of drugs were also discovered in their trailer. This evidence is sufficient for the jury to infer that both defendant and Hollifield were involved in drug use and participated in the drug deal with the victim.
Because we conclude the State's evidence supported its theory that defendant and Hollifield shared the common purpose to possess drugs purchased from the victim, defendant's argument is overruled.
iv. Death as a Natural and Probable Consequence of Failed Drug Deal
In additional to evidence that defendant and Hollifield shared a common purpose to possess drugs, the State also had the burden of showing that the victim's death was a natural and probable consequence of the failed drug deal. Defendant contends that even if she and Hollifield did share the common purpose to possess drugs, the victim's death was independent of the drug deal, and defendant "should not be held accountable for Mr. Hollifield's independent and subsequent decision to drive recklessly while the [victim] hung out the door."
Defendant relies primarily on this Court's decision in State v. Bellamy to support her contention that the victim's death was neither a natural nor probable consequence of the failed drug deal. 172 N.C. App. 649, 617 S.E.2d 81 (2005). In Bellamy , the defendant was convicted of robbery and first degree sexual offense when, while robbing a McDonald's, his co-defendant sexually assaulted the assistant manager. Id . at 654, 617 S.E.2d at 86. This Court vacated the sexual assault conviction, holding that "in the course of a robbery of a business," it is not foreseeable that a sexual assault would occur. Id . at 670, 617 S.E.2d at 96 (citations omitted).
Like the co-defendants in Bellamy , defendant and Hollifield shared a common purpose to commit the primary crime (i.e. , drug possession). However, while this Court in Bellamy vacated the defendant's sexual assault conviction because that offense is so unlikely to occur in the course of a business robbery, it is foreseeable that a death might occur in the course of a failed drug deal. Here, after selling defendant fake Percocet, the victim attempted to exit the vehicle without returning defendant's money. The jury could infer from the evidence that this would have angered defendant and Hollifield such that they would have wanted to harm the victim. In denying defendant's motion to dismiss, the trial court properly allowed the jury an opportunity to make such an inference.
Because the victim's death was a natural and probable consequence of the failed drug deal, the trial court did not err in denying defendant's motion to dismiss.
III. Conclusion
The State presented sufficient evidence to support an inference that defendant and Hollifield had the common purpose to possess drugs purchased from the victim, and that the victim's death was a natural and probable consequence of the failed drug deal. Accordingly, we find no error in the trial court's denial of defendant's motion to dismiss or its subsequent instructions to the jury on second degree murder based on acting in concert. See State v. Sullivan , 216 N.C. App. 495, 504, 717 S.E.2d 581, 587 (2011) ("As the instruction on armed robbery under a concerted action theory was supported by the evidence, we hold the trial court did not err by denying defendant's motions to dismiss those charges.").
NO ERROR.
Report per Rule 30(e).
Judges HUNTER and ZACHARY concur.